# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Bryon Gene Wiedmer, | ) | Case No.: 4:10-cr-114 |
| | ) | |
| Defendant. | ) | |

On March 25, 2013, the Pretrial Services Office submitted to the court a Petition for Warrant for Offender Under Supervision. The petition alleged that defendant had violated the conditions of his probation and was in state custody on charges of driving under the influence. The court approved the petition and directed the Clerk's office to issue a warrant for defendant's arrest. The United States Marshal subsequently filed a detainer with state authorities.

On April 24, 2013, in anticipation of defendant's release from state custody, this court issued an order modifying defendant's probation to allow for his placement at a Residential Re-Entry Center (RRC). Although everyone had contemplated that defendant would be placed at an RRC immediately following his release from state custody, they were subsequently advised that the RRC could not hold a space for him.

Consequently, when defendant was released to custody of the Marshal on May 21, 2013, he was transported to the federal courthouse in Minot for an initial appearance on the underlying petition. AUSA Rick Volk appeared on the Government's behalf. AFPD William Schmidt was appointed as defense counsel and appeared on defendant's behalf.

After consulting with defense counsel, defendant advised the court that he would consent to

1

detention with the understanding that he will be released to an RRC once bed space becomes available. Accordingly, the court **ORDERS**:

1. Probation and Pretrial Services shall continue its efforts to place defendant at an RRC. It is further directed to inform the court if and when space become available at an RRC so that the court can issue an appropriate order for placement of defendant.

2. Pending further order of the court, defendant be committed to the custody of the Attorney General or his designated representative for confinement in a suitable corrections facility.

3. While confined, defendant shall be afforded a reasonable opportunity for private consultations with defense counsel.

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

5. Defendant may file a motion for appropriate relief if after a fashion an RRC is unable to make space for him.

Dated this 21st day of May, 2013.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge